IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MICHAEL DESHAWN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 17-2025-JDT-cgc |
| ) | |
| ASHLEY HURDLE, ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER DIRECTING PLAINTIFF TO FILE A SIGNED *IN FORMA PAUPERIS* AFFIDAVIT
OR PAY THE $400 CIVIL FILING FEE

On January 12, 2017, Plaintiff Michael Deshawn Smith, who is incarcerated at the Northeast Correctional Complex in Mountain City, Tennessee, filed a civil complaint accompanied by an unsigned motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint. § 1915(a)(2).

In this case, although Plaintiff filled out his *in forma pauperis* affidavit and submitted a certification of his inmate trust account statement, he neglected to sign the affidavit. Accordingly, Plaintiff is ORDERED to submit, within 30 days after the date of this order, either the entire $400 civil filing fee[1] or a signed and completed *in forma pauperis* affidavit.[2] The Clerk is directed to mail Plaintiff another copy of the prisoner *in forma pauperis* affidavit form along with this order. If Plaintiff needs additional time to file the required document, he may request one 30-day extension of time from this Court. *McGore*, 114 F.3d at 605.

If Plaintiff timely submits the necessary document, the Court will grant leave to proceed *in forma pauperis* and assess a filing fee of $350 in accordance with the installment procedures of 28 U.S.C. § 1915(b). However, if Plaintiff fails to comply with this order in a timely manner, the Court will deny leave to proceed *in forma pauperis*, assess the entire $400 filing fee without regard to the installment payment procedures, and dismiss the action without further notice pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute. *McGore*, 114 F.3d at 605.[3]

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. In addition, § 1914(b) requires the clerk to "collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Therefore, if Plaintiff is ultimately granted leave to proceed *in forma pauperis* in accordance with the PLRA, he will not be responsible for the additional $50 fee.

[2] Plaintiff does not need to submit another trust account statement.

[3] Even a voluntary dismissal by Plaintiff will not eliminate the obligation to pay the filing fee. *McGore*, 114 F.3d at 607; *see also In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002).