# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL DESHAWN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-2025-JDT-cgc |
| | ) | |
| ASHLEY HURDLE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING AMENDED COMPLAINT, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On August 1, 2019, this Court dismissed Plaintiff Michael Deshawn Smith's *pro se* complaint under 42 U.S.C. § 1983 and granted leave to amend. (ECF No. 15.) On August 7, 2019, Smith timely filed an amended complaint. (ECF No. 16.) The amended complaint does not specify the Defendants Smith seeks to sue.

In the amended complaint, Smith alleges new facts related only to his claim that he was denied access to the courts. He alleges that "legal documents essential to a pending appeal" were destroyed by prison officials.[1] (ECF No. 16 at PageID 81.) The documents were letters between Smith and his state post-conviction counsel that he sought to use as evidence in a federal habeas corpus action under 28 U.S.C. § 2254 to overcome his failure to exhaust claims raised in that petition. (*Id.* at PageID 81-82.)

---

[1] In his initial complaint, Smith alleged that Defendant Coleman destroyed his legal documents. (ECF No. 1 at PageID 6-7; *see also* ECF No. 15 at PageID 68.)

The first letter was sent to Smith from David Stowers, Smith's first state post-conviction attorney. (*Id.* at PageID 81.) Smith alleges that Stowers failed to raise certain issues in Smith's post-conviction petition and at an evidentiary hearing held in the state court. (*Id.*) Smith alleges that in the letter, Stowers incorrectly advised Smith that he would be granted a "delayed appeal," which would "start over" the appeal process and allow Smith to file a new petition for post-conviction relief that included the defaulted claims. (*Id.*) Smith alleges that he was not granted a delayed appeal, and the federal habeas court determined that his issues were procedurally defaulted. (*Id.* at PageID 81-82.) Smith contends that the letter demonstrates Stowers's ineffective assistance, which should have provided a basis to excuse his procedural default. (*Id.*)

The second letter is between Smith and his second post-conviction attorney, Andrea Sipes Lester. (*Id.* at PageID 82.) In that letter, Smith alleges, Lester advised Smith that he could not raise in his state post-conviction appeal the issues that Stowers failed to raise in the post-conviction petition because those issues "were not argued at evidentiary hearing nor included on appeal." (*Id.*) Smith alleges that without these two letters, he was unable to "present the burden of proof needed to overcome procedural default," and the federal court denied his § 2254 petition.[2] (*Id.* at PageID 82-83.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 15 at PageID 69-70), and will not be reiterated here.

Smith does not describe the issues that Stowers failed to include in Smith's post-conviction petition. In his § 2254 petition, Smith challenged the voluntariness of his guilty plea and the effectiveness of his trial counsel. *See Smith*, No. 2:15-cv-02195-SHL-dkv, ECF No. 27 at

---

[2] *See Smith v. Lee*, No. 2:15-cv-02195-SHL-dkv, ECF No. 27 (W.D. Tenn. Feb. 21, 2018). The Sixth Circuit denied Smith's application for a certificate of appealability. *Smith v. Lee*, No. 18-5302 (6th Cir. July 13, 2018).

PageID 894. The habeas court noted that Smith failed to raise his challenge to his guilty plea on direct appeal; did raise it in his post-conviction petition, but the state court denied it on the merits; and then failed to raise it in his post-conviction appeal. *Id.* at PageID 897. The habeas court then reviewed Smith's contention that Stowers failed to raise the issue at the evidentiary hearing and concluded that, "This would not result in the issue having been 'procedurally defaulted.'" *Id.* at PageID 898 n.1. The court also concluded that any failure to raise the issue in Smith's post-conviction appeal would be attributable to his post-conviction appellate counsel and could not excuse his procedural default. *Id.* at PageID 898-99.

Smith raised six grounds to challenge the effectiveness of his trial counsel. The habeas court concluded that five of these grounds were procedurally defaulted because Smith failed to raise them in his post-conviction appeal. *Id.* at PageID 899-900. The court also concluded that Smith could not overcome the procedural default because the ineffective-assistance claims he sought to raise were not "substantial" and lacked sufficient merit. *Id.* at PageID 900. The court denied Smith's sixth ground on the merits. *Id.* at PageID 906-09.

Smith fails to adequately plead a claim that he was denied access to the courts. Smith must show that destruction of the letters caused him "'actual injury,' i.e., that the conduct hindered his efforts to pursue a nonfrivolous legal claim." (ECF No. 15 at PageID 75-76 (quoting *Rodgers v. Hawley*, 14 F. App'x 403, 409 (6th Cir. 2001), and citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc)). Smith was able to present his argument against procedural default in the habeas court. The letters that Smith alleges were destroyed would not have aided that argument because, as the habeas court concluded, Smith failed to raise his issues on direct appeal and/or on post-conviction appeal. Stowers was not Smith's attorney at either of those stages, so the letter suggesting Stowers rendered ineffective assistance at the trial level of Smith's

3

post-conviction proceedings is irrelevant. Lester was Smith's attorney only for his post-conviction appeal. Because the issues he sought to raise were procedurally defaulted before that appeal, Lester could not have raised them in Smith's post-conviction appeal. Moreover, as the habeas court noted, ineffective assistance of post-conviction *appellate* counsel is not a ground to excuse procedural default. *See Smith*, No. 2:15-cv-02195-SHL-dkv, ECF No. 27 at PageID 898-99. Smith has therefore failed to show that the destruction of his legal documents caused him "actual injury" in his federal habeas corpus case.

In conclusion, the Court DISMISSES Smith's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Smith in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Smith nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b).

Therefore, Smith is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

      For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Smith, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

IT IS SO ORDERED.

                                                      s/ **James D. Todd**
                                                      JAMES D. TODD
                                                      UNITED STATES DISTRICT JUDGE